**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| ROD A. KHLEIF, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL CASE NO.: |
| | ) |
| CARRINGTON MORTGAGE SERVICES, | ) |
| LLC.; EQUIFAX INFORMATION | ) |
| SERVICES, LLC.; EXPERIAN | ) |
| INFORMATION SOLUTIONS, INC. | ) |
| and TRANS UNION, LLC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT AND JURY DEMAND**

COMES NOW the Plaintiff, Rod A. Khleif, Sr., by counsel, and for his Complaint against the Defendants, he alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2.      The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting

agencies must follow when consumers dispute the accuracy of the information reported in their credit reports. 15 U.S.C. § 1681i

3.      In this case, the servicer of Plaintiff's mortgage servicer, Carrington, erroneously furnished inaccurate, derogatory information that was reported on Plaintiff's credit reports. After Plaintiff disputed the inaccurate information the Equifax, Experian, and Trans Union (the "credit reporting agencies" or "CRAs"), Defendants failed to correct Plaintiff's credit reports.

4.      Accordingly, Plaintiff alleges claims against Equifax, Experian, and Trans Union for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill their reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

5.      Plaintiff also alleges claims against Carrington for failing to fully and properly investigate Plaintiff's disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter under pursuant to FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

2.      Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391(b).

## PARTIES

3.      Plaintiff, Rod A. Khleif, Sr. ("Plaintiff" or "Khleif"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

4.      Carrington Mortgage Services, LLC ("Carrington") is a foreign limited liability company authorized to do business in the State of Florida through its registered offices in Plantation, Florida. At all relevant times hereto, Carrington was a furnisher as governed by the FCRA.

5.      Equifax Information Services, LLC ("Equifax") is a foreign limited liability company authorized to do business in the State of Florida through its registered offices in Tallahassee, Florida.

6.      Upon information and belief, Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

7.      Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8.      Upon information and belief, Trans Union, LLC ("Trans Union") is a foreign limited liability company authorized to do business in the State of Florida through its registered offices in Tallahassee, Florida.

9.      Upon information and belief, Trans Union is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).  Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

10.     Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

11.     Defendant Experian Information Solutions, Inc. ("Experian") is a foreign corporation authorized to do business in the State of Florida through its registered offices in Plantation, Florida.

12.     Upon information and belief, Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

13.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL BACKGROUND

14.     Plaintiff owned several investment properties on the western cost of Florida, including in Port Charlotte, Sarasota, and Bradenton.

15.     Like many other consumers, Plaintiff experienced financial difficulties during the 2008 financial crisis.

16.     As a result, Plaintiff stopped making the monthly payments on his Port Charlotte, Sarasota, and Bradenton properties in September 2008.

17.     After his default, each of the mortgages for these three properties were transferred to Defendant Carrington for servicing.

18.     Plaintiff has not made any payments on any of these properties since the loans were transferred to Carrington or at any other time since September 2008.

19.     In or around March 2017, Plaintiff obtained copies of his credit reports and learned that Equifax, Experian, and Trans Union were reporting the delinquent mortgages, despite the fact that Plaintiff's default on each account well exceeded the seven-year limitation on negative credit reporting.

20.     On or around March 23, 2017, Plaintiff sent a separate credit dispute letter via certified mail to Equifax, Experian, and Trans Union, explaining that his Carrington mortgage loans were reporting inaccurately. In this letter, Plaintiff explained that these debts well exceeded the FCRA's statutory reporting period of delinquent debts and that the accounts should be removed from his reports.

21.     The letter was sent with supporting documentation demonstrating the last time that Plaintiff made payments on each of the accounts.

22.     In response to Plaintiff's dispute letters, Experian, Equifax, Trans Union, and Carrington failed to conduct a meaningful investigation of Plaintiff's disputes. Instead, Carrington verified that the information regarding the loans was correct and Equifax, Experian, and Trans Union refused to conduct their own independent investigation or remove the inaccurate information from Plaintiff's reports.

23.     On multiple occasions thereafter, including on or around May 9, 2017, Plaintiff sent follow-up dispute letters to Equifax, Experian, and Trans Union.

24.     Nevertheless, each of the Defendants failed to adequately investigate Plaintiff's dispute and each credit bureau failed to update its reporting.

25.     As a result of Defendants' conduct, Plaintiff has suffered actual damages including, but not limited to loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

### *DEFENDANTS' CONDUCT WAS WILLFUL*

26.     As a standard practice, Equifax, Experian, and Trans Union do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. See *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

27.     Upon information and belief and consistent with their standard policies and procedures, Equifax, Experian, and Trans Union automatically generated their "investigation" results once Carrington provided its response to Plaintiff's disputes, verifying the payment history, and they did not take any additional to verify the accuracy of the information that Carrington provided.

28.     Instead, Defendants blindly accepted Carrington's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

29.     Equifax, Experian, and Trans Union continue the practice of parroting the response from the furnisher even though they have been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

30.     Defendants do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

31.     Instead, Defendants intentionally choose not to comply with the FCRA to lower their costs. Accordingly, Defendants' violations of the FCRA were willful.

32.     In addition, at all times pertinent to this Complaint, Carrington's processing of consumer reports was willful and carried out in reckless disregard for a consumer rights as set forth under the FCRA. By example only and without limitation, Carrington's conduct was willful because it was intentionally accomplished through intended procedures and as Carrington's efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### Violation of 15 U.S.C. §1681s-2(b)(1)(A)
### (Carrington Mortgage)

33.     On one or more occasions within the past two years, by example only and without limitation, Carrington violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

34.     When the Plaintiff mailed his disputes to the consumer reporting agencies ("CRAs"), they use a dispute system named, "e-Oscar", which has been adopted by the

credit reporting agencies and by their furnisher-customers such as Carrington.  It is an automated system and the procedures used by the CRAs are systemic and uniform.

35.    When Equifax, Experian, and Trans Union receive a consumer dispute, they (usually via an outsourced) translate that dispute into an "ACDV" form.

36.    If Carrington receives a consumer dispute ACDV form, Carrington follows a standard and systemically unlawful process.  Basically, all Carrington does is review its own internal computer screen for the account and repeat back to the ACDV system the same information that Carrington already had reported to the CRAs.

37.    When Carrington receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

38.    As a result of Carrington's violations of 15 U.S.C. §1681s-2(b)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

39.    Carrington's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Carrington was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

40.    Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Carrington in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT TWO: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(B)
### (Carrington)

41.    On one or more occasions within the past two years, by example only and without limitation, Carrington violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer report agencies regarding Plaintiff's dispute.

42.    As Plaintiff detailed in the previous count, Carrington has elected to use the e-Oscar system for its FCRA disputes received through the CRAs.

43.    Carrington is aware of the meaning of the several dispute codes used by the CRAs in e-Oscar.

44.    Nevertheless, Carrington ignored this information and instead simply regurgitated the same information it had previously reported to the CRAs without conducting any meaningful inquiry into Plaintiff's dispute.

45.    As a result of Carrington's violations of 15 U.S.C. § 1681s-2(b)(1)(B), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

46.    Carrington's violations were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Carrington was negligent, which entitles Plaintiff to recover under 15 U.S.C. §1681o.

47.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Carrington in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT THREE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681s-2(b)(1)(C) and (D)
### (Carrington)

48.     On one or more occasions within the past two years, by example only and without limitation, Carrington violated 15 U.S.C. § 1681s-2(b)(1)(C) and (D) by publishing its representations within Plaintiff's credit files with Equifax, Experian, and Trans Union without also including a notation that these debts were disputed and by failing to correctly report results of an accurate investigation to each credit reporting agency.

49.     Specifically, Carrington failed to add the "XB" or "XC" code to the CCC (Compliance Condition Code) field in the ACDV dispute forms when it responded to the CRAs.

50.     On information and belief, the Plaintiff alleges that Carrington rarely if ever adds the XB or XC code or other notation that an account is disputed when it responds to e-Oscar ACDVs.

51.     As a result of Carrington's violations of 15 U.S.C. §1681s-2(b)(1)(C) and (D), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

52.     The violations by Carrington were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the

alternative, Carrington was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

53.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Carrington in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### COUNT FOUR: VIOLATION OF THE FAIR CREDIT REPORTING ACT
**15 U.S.C. § 1681e(b)**
**(Equifax, Experian and Trans Union)**

54.     Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit files they published and maintained.

55.     Because of the Defendants' conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

56.     Defendants' conduct in violating § 1681e(b) was willful, rendering them liable to the Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

57.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(1)**
**(Equifax, Experian and Trans Union)**

58.     Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(1) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file.

59.     Instead of conducting an investigation, Equifax, Experian, and Trans Union merely send an ACDV form to the furnisher of the information and "parrot" the response of the furnisher. Defendants never go beyond the original source in ascertaining whether the information is accurate, including when a consumer submits objective information demonstrating that the furnisher's reporting is inaccurate.

60.     After receiving a response from Carrington via the ACDV exchange, Defendants' systems automatically adopted Carrington's verification of the information and without any consideration of the information submitted by Plaintiff in support of his dispute.

61.     Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681i(a)(1), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

62.     The violations by Equifax, Experian, and Trans Union were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian, and Trans Union was negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

**COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i(a)(2)(A)**
**(Equifax, Experian and Trans Union)**

63.     Equifax, Experian, and Trans Union violated 15 U.S.C. §1681i(a)(2)(A) on multiple occasions by failing to provide Carrington with all the relevant information regarding Plaintiff's disputes.

64.     After receiving Plaintiff's dispute letters, Defendants failed to provide Carrington with all of the relevant information and documents provided by Plaintiff in support of his dispute.

65.     Instead, as a matter of common practice and procedure, Defendants reduce consumers' dispute letters to a canned statement, such as "not his/hers." In other words, despite the detailed explanation in Plaintiff's dispute letter, Defendants reduced his dispute to a canned two-letter code and failed to provide Carrington with all the details and documents submitted with his dispute letter.

66.     As a result of Equifax, Experian, and Trans Union's violations of 15 U.S.C. §1681i(a)(2), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental, physical and emotional distress.

67.     The violations by Equifax, Experian and Trans Union were willful, rendering the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

68.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(4)
### (Equifax, Experian and Trans Union)

69.     Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

70.     Instead of considering all of the information submitted by Plaintiff, Defendants reduced Plaintiff's dispute to the ACDV format and requested Carrington to verify the accuracy of its reporting. Defendants did not meaningfully consider any of the information submitted by Plaintiff, but rather parroted Carrington's response.

71.     As a result of Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681i(a)(4), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

72.     The violations by Equifax, Experian and Trans Union were willful, rendering the Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

73.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

## COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i(a)(5)(A)
### (Equifax, Experian and Trans Union)

74.     After Plaintiff submitted his dispute letter to the Defendants, each Defendant continued to report the inaccurate information regarding Plaintiff's Carrington account in his credit file. Moreover, Defendants failed to modify any of the inaccurate account information (such as the date of his last payment) after they received Plaintiff's disputes.

75.     Accordingly, Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the item of information upon a lawful reinvestigation.

76.     As a result of Equifax, Experian and Trans Union's violations of 15 U.S.C. §1681i(a)(5)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

77.     The violations by Equifax, Experian and Trans Union were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax, Experian and Trans Union were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

78.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

WHEREFORE, Plaintiff, demands actual, statutory, and punitive damages, attorney's fees, costs, and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper.

## JURY TRIAL DEMAND

**Plaintiff demands a jury trial for all issues so triable.**

Dated this 7th day of March, 2018.

*Respectfully Submitted,*

*/s/ Brandon J. Hill*
BRANDON J. HILL
Florida Bar No. 37061
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: (813) 337-7992
Facsimile No.: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
*Co-Counsel Attorneys for Plaintiff*

AND

Andrew J. Guzzo, *pro hac vice forthcoming*
Kelly & Crandall, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Telephone: 703-424-7570
Facsimile: 703-591-0167
Email: aguzzo@kellyandcrandall.com
*Attorney for Plaintiff*